IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01016-BNB

CHARLES MANZANARES,

     Applicant,

v.

GARY WILSON, Denver County Director of Corrections, and
TOM CLEMENTS, Executive Director of the CDOC,

     Respondents.

_____

ORDER OF DISMISSAL
_____

     Applicant, Charles Manzanares, currently is confined at the Denver County Jail.

He initiated this action on April 16, 2012, by filing an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) naming Gary Wilson, Denver County

director of corrections, as Respondent.  The next day Mr. Manzanares filed an amended

application (ECF No. 3) naming the same Respondent.  He has paid the $5.00 filing fee.

     On April 19, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No.

4) directing Mr. Wilson to file a preliminary response to the application asserting any

procedural defenses, such as the exhaustion of administrative remedies.  In the April 19

order, Magistrate Judge Boland also noted that:

> [A]lthough Applicant is incarcerated at the Denver County
> Jail, the Court notes that he is challenging a parole hold in
> the instant action.  If the named Respondent is not the
> appropriate Respondent with respect to Applicant's claims
> challenging the parole hold, Respondent should advise the
> Court who the proper Respondent is and move for a
> substitution of party.

ECF No. 4 at 2.

On May 8, 2012, Mr. Wilson filed a motion requesting an extension of time to file the preliminary response and asking to add Tom Clements, executive director of the Colorado Department of Corrections (DOC), as a proper party. In support of the motion, Mr. Wilson alleged that Mr. Manzanares was arrested for a parole violation on February 27, 2012, and was detained at the Denver County Jail on a parole violation hold at the request of the DOC parole officer assigned to Mr. Manzanares' parole matter. On May 9, 2012, Magistrate Judge Boland entered a minute order granting the May 8 motion and request to add Mr. Clements as a party.

On June 8, 2012, Mr. Clements filed a preliminary response (ECF No. 13) to the amended application. Also on June 8, Mr. Wilson joined in the preliminary response. ECF No. 14. Applicant was allowed to file a reply but failed to do so.

The Court must construe the filings of Mr. Manzanares liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Manzanares asserts in the application that he is a DOC offender who was on parole. On February 28, 2012, he was arrested for a parole violation and charged with new crimes, i.e., driving under the influence in Case No. 12T107A in the district court of Jefferson County, Colorado. A parole complaint was filed against Mr. Manzanares alleging that he had violated the terms and conditions of his parole, and a parole hold was placed on him. Mr. Manzanares currently is detained in the Denver County Jail

2

under a cash bond and, pursuant to the direction of the DOC parole division, on a parole hold awaiting sentencing on the new charges. He complains that his parole revocation proceedings are being continued until disposition of the new criminal charges in No. 12T107A, and that the no-bond parole hold violates his rights.

Respondents argue in the preliminary response that Mr. Manzanares has not exhausted state court remedies. As an attachment to the amended application filed on April 17, Mr. Manzanares submitted a petition for writ of habeas corpus (ECF No. 3 at 6-11) bearing the caption of his original Denver District Court Criminal Case (No. 08CR1541) but without any file stamp. A review of the docket sheet in No. 08CR1541 indicates that no such petition was filed in that case. ECF No. 13, ex. A at 1-4.

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established

3

appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Mr. Manzanares alleges in the amended application that he has pursued state court remedies, but he does not present any facts to show that he has exhausted them. Mr. Manzanares did not file his habeas petition in the state courts and did seek appellate review of a decision.  Therefore, he failed to demonstrate exhaustion of state court remedies prior to filing this habeas corpus action with the Court.  The amended application will be denied, and the action dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Manzanares files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 3) is denied, and the action is dismissed without prejudice for the failure of Applicant, Charles Manzanares, to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __26th__ day of ___July_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court